1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9              SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  CRISTOFER GARCIA MAGADAN, | Case No.: 3:25-cv-2889-JES-KSC |
| 12                           Petitioner, | **ORDER:** |
| 13  v. | |
| 14  KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement, PATRICK DIVVER, Field Office Director, San Diego Office of Detention and Removal, U.S. Immigrations and Customs Enforcement; CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, San Diego, California; SIRCE OWEN, Acting Director for Executive Office for Immigration Review; and PAMELA BONDI, Attorney General of the United States | **(1) GRANTING COUNT ONE OF THE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241; AND** |
| | **(2) DENYING AS MOOT COUNT TWO OF THE PETITION.** |
| | **[ECF NO .1]** |
| 24                           Respondents. | |

26  //
27  //
28  //

1

Before the Court is Petitioner Cristofer Garcia Magadan's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Petitioner seeks habeas relief by asserting that Respondents' application of 8 U.S.C. § 1225(b)(2), not 8 U.S.C. § 1226(a), with respect to his detention violates the: (1) Immigration and Nationality Act ("INA"); and (2) the Fifth Amendment of the U.S. Constitution. For the reasons set forth below, the Court **GRANTS** Count One of the Petition and **DENIES AS MOOT** Count Two of the Petition.

## I.    BACKGROUND

On or about 2008, Petitioner entered the United States without inspection, and since then, has built deep and longstanding ties to his community. Pet. ¶ 33. On July 16, 2025, Immigration and Customs Enforcement ("ICE") agents executed an administrative warrant and apprehended Petitioner in Vista, CA. *Id.* ¶¶ 34-35; *see* ECF No. 1-2 at 2. On that same date, the Department of Homeland Security ("DHS") served Petitioner with an initial custody determination, pursuant to INA § 236, and initiated removal proceedings against him. Pet. ¶¶ 37-38; *see* ECF No. 6-1 at 2-3. Petitioner is currently in DHS custody at the Otay Mesa Detention Center. Pet. ¶ 1.

After being detained, and despite Respondents' contention that he was not entitled to do so pursuant to Section 1225(b)(2), Petitioner sought a custody reconsideration hearing before an Immigration Judge ("IJ"). *Id.* ¶ 4. There, Respondents argued that the IJ lacked jurisdiction to conduct Petitioner's bond determination hearing. *Id.* However, the IJ found that under Section 1226(a), he did have jurisdiction and granted Petitioner's release, pursuant to a $4,500 bond with Alternatives to Detention supervision at the discretion of DHS. *Id.*; *see* ECF No. 1-3 at 2.

Respondents immediately appealed the IJ's bond decision pursuant to 8 C.F.R. § 1003.19(i)(2), which automatically stayed the IJ's order pending BIA review. Pet. ¶ 5. On September 29, 2025, the BIA relied on its precedential decision in *Matter of Yajure Hurtado* and sustained Respondents' appeal and vacated the IJ's bond order. *Id.* ¶ 6.

//

Petitioner contends that he has been illegally detained by DHS and the Executive Office for Immigration Review ("EOIR"), which have adopted a new interpretation of the INA. Pet. ¶ 2. This interpretation treats all individuals who entered the country without inspection as "applicants for admission," which subjects them to mandatory detention under 8 U.S.C. § ("Section") 1225(b)(2). *Id.* Petitioner argues that he has lived in the United States for well over a decade, and therefore, Section 1225(b) does not apply to him. *Id.* ¶ 44. Further, that to the extent he remains in custody, his detention should proceed under Section 1226(a), which authorizes release on bond or conditional parole. *Id.*

Accordingly, Petitioner seeks habeas relief from the Court because his continued detention, resulting from Respondents' application of Section 1225(b), violates the INA and the Due Process of the Fifth Amendment.

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

Habeas corpus is "perhaps the most important writ known to the constitutional law ... affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives

prompt action from him within the four corners of the application." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (citation omitted).

## III.    DISCUSSION

### A.    Jurisdiction and Applicability of Section 1225 vs. 1226

The Court finds that the Parties' arguments with respect to whether: (1) the Court has jurisdiction to hear this petition; and (2) Petitioner's detention is governed by 8 U.S.C. §§ 1225(b)(2) or 1226(a), are analogous—if not identical—to those raised in the Court's recent decision in *Martinez Lopez v. Noem, et al.*, No: 25-cv-2717-JES-AHG, 2025 WL 3030457, at *2 (S.D. Cal. Oct. 30, 2025). The Court, therefore, elects to follow the reasoning it stated in *Martinez Lopez* and incorporates it by reference. *Id*.

Based on the facts of this Petition, the Court finds that: (1) 8 U.S.C. § 1252's jurisdiction stripping provisions do not bar this Court from considering Petitioner's habeas petition; and (2) 8 U.S.C. § 1226(a)—not 8 U.S.C. § 1225(b)—applies to Petitioner. Thus, Petitioner is entitled to an individualized bond hearing by an IJ, who may not deny bond on the basis that 8 U.S.C. § 1225(b) governs Petitioner's detention.

### B.    Procedural Due Process

The Court declines to decide the merits of Petitioner's due process claim given that the Court will grant the relief he seeks based on its conclusion that Section 1226(a) applies here. If Respondents do not provide Petitioner with a bond redetermination hearing, pursuant to 8 U.S.C. § 1226(a), or release him within the time allotted, Petitioner may renew his Fifth Amendment Due Process claim.

## IV.  CONCLUSION

Based on the foregoing:

(1)  The Court **GRANTS** Count One of the Petition;

(2)  The Court **DENIES AS MOOT** Count Two of the Petition;

(3)  The Court **ORDERS** Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within ten (10) days of this Order, or

//

otherwise release him from custody, under the same conditions that existed before his detention; and

(4) Respondents are **ORDERED** to **FILE** a Notice of Compliance within ten days of providing Petitioner with a bond redetermination hearing.

**IT IS SO ORDERED.**

Dated: November 5, 2025

_____
Honorable James E. Simmons Jr.
United States District Judge